OPINION
Defendant-appellant Janice Steinberger appeals the Judgment Entry of the Licking County Court of Common Pleas which denied her motion to vacate a default judgment. Plaintiffs-appellees are Phyllis and David Ellas.
 STATEMENT OF THE CASE AND FACTS
On April 25, 1996, appellees filed an action to quiet title in certain real estate against Nora D. Shaffer, William Barrick, Jr., Dorothy Billett, Anne Sims, Sally McIndow, Janice Steinberger, the unknown heirs of Nora D. Shaffer and J. Terry Evans, the Licking County Treasurer.[1] Appellees requested service by publication on the unknown heirs of Nora D. Shaffer and several of the other defendants. Appellants filed their First Amended Complaint to Quiet Title and Declaratory Judgment on May 3, 1996.
Appellant had previously filed a Complaint in the Licking County Court of Common Pleas in 1990 concerning the same property. Therein, appellant listed her address as 18902 Mills Choice Road, No. 5, Gaithersburg, Maryland 20879. That case was ultimately dismissed without prejudice.
Appellees requested, by precipe, service of the summons and first amended complaint upon appellant in the case sub judice by certified mail at 18902 Mills Choice Road, Gaithersburg, MD 20679. This is a very similar address, but not identical to the one appellant listed in the 1990 litigation.
The attempted certified mail service upon appellant was returned to sender with the notification "forwarding order expired." Counsel for appellees was notified by the Licking County Clerk of Courts of the failure of service. Subsequent service by ordinary mail was likewise returned to sender with a similar notation "forwarding order expired."
Appellees had served some of the other defendants via publication in the local newspaper, THE ADVOCATE, on May 17, 24, 31, June 7, 14, and 21, 1996. Appellant was not included as a listed defendant in those publications.
On October 4, 1996, appellees filed their Motion for Default Judgment against the unknown heirs of Nora Shaffer and against appellant. Via letter dated October 7, 1996, the clerk notified counsel for appellees that there was no service on appellant via ordinary mail. Despite the lack of service upon appellant, the trial court issued a Memorandum of Decision granting appellees' Motion for Default Judgment on October 22, 1996. The trial court filed a Judgment Entry granting default judgment against appellant on October 29, 1996. On June 13, 1997, a Judgment Entry disposing of appellees' complaint against all remaining defendants by agreement of the parties.
On August 26, 1997, appellant filed a "Motion of Defendant Janice Steinberger for Temporary Restraining Order and Preliminary Injunction and To Vacate Default Judgment Obtained Through Fraud, Misrepresentation, or Misconduct of Adverse Party." Said motion was supported by appellant's affidavit. In a supplemental affidavit of appellant filed September 2, 1997, appellant set forth facts relating to appellees' failure to serve her and averred she first learned of the present action on August 25, 1997, after finding a "For Sale" sign on the property in question on August 24, 1997. Appellees filed a memorandum contra appellant's motion.
On September 15, 1997, the trial court filed a Memorandum of Decision overruling appellant's motion and directing counsel for appellees to prepare a judgment entry. Prior to the filing of that judgment entry, appellant filed a Motion for Reconsideration of the September 15, 1997 Memorandum of Decision. The Motion for Reconsideration was set for a non-oral hearing on October 20, 1997. Appellant's Motion for Reconsideration was overruled via Judgment Entry filed November 14, 1997. Thereafter, on December 5, 1997, the trial court filed its Judgment Entry overruling appellant's original motion as filed August 26, 1997.
It is from the December 5, 1997 Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ERRED BY REFUSING TO VACATE A DEFAULT JUDGMENT AGAINST NONRESIDENT DEFENDANT-APPELLANT, WHERE THE RECORD PLAINLY DISCLOSES THAT PLAINTIFFS DID NOT FILE THE AFFIDAVIT REQUIRED BY CIV. R. 4.4(A)(1) AS TO DEFENDANT-APPELLANT PRIOR TO ATTEMPTING SERVICE BY PUBLICATION. SEE JUDGMENT ENTRY OF NOV. 14, 1997 ("NOV. 14 JUDG. ENTRY") AT 1; JUDGMENT ENTRY OF DEC. 5, 1997 ("DEC. 5 JUDG. ENTRY") AT 2.
 II. THE TRIAL COURT ERRED BY REFUSING TO VACATE A DEFAULT JUDGMENT AGAINST NONRESIDENT DEFENDANT-APPELLANT, WHERE THE RECORD PLAINLY DISCLOSES THAT THE DEFENDANT-APPELLANT'S NAME AND LAST KNOWN ADDRESS WERE OMITTED FROM THE PUBLISHED NOTICE, CONTRARY TO THE REQUIREMENTS OF CIV. R. 4.4(A)(1). SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 III. THE TRIAL COURT ERRED BY REFUSING TO GRANT RELIEF FROM JUDGMENT UNDER CIV. R. 60(B)(5), WHERE THE RECORD PLAINLY DISCLOSES INADEQUATE SERVICE OF PROCESS AND THE ABSENCE OF PERSONAL JURISDICTION OVER DEFENDANT-APPELLANT. SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 IV. THE TRIAL COURT ERRED BY FAILING, ON DEFENDANT-APPELLANT'S MOTIONS TO VACATE A DEFAULT JUDGMENT, TO RESOLVE ALL DOUBTS IN FAVOR OF DEFENDANT-APPELLANT. SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 V. THE TRIAL COURT ERRED BY FAILING TO PROVIDE AN EVIDENTIARY HEARING ON DEFENDANT-APPELLANT'S MOTIONS TO VACATE A DEFAULT JUDGMENT. SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 VI. THE TRIAL COURT ERRED BY RELYING ON UNSWORN ASSERTIONS OF COUNSEL, RATHER THAN EVIDENCE ON THE RECORD, IN DECIDING DEFENDANT-APPELLANT'S MOTIONS FOR RELIEF FROM DEFAULT JUDGMENT. SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 VII. THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFFS EXERCISED REASONABLE DILIGENCE IN ATTEMPTING TO SERVE DEFENDANT-APPELLANT WHERE PLAINTIFFS MERELY (A) MAILED NOTICE, IMPROPERLY ADDRESSED, TO THE ADDRESS SET FORTH BY DEFENDANT-APPELLANT IN A 1990 CIVIL ACTION BUT NO LONGER VALID, AND FOR WHICH THE FORWARDING ORDER HAD EXPIRED, AND (B) CLAIMED, WITHOUT SUPPORT, IN AN UNSWORN POST-HOC STATEMENT BY COUNSEL IN RESPONSE TO DEFENDANT-APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT, TO HAVE SENT A COPY OF THE COMPLAINT TO THE LAWYER WHO REPRESENTED DEFENDANT-APPELLANT IN THE 1990 ACTION. SEE NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 VIII. THE TRIAL COURT ERRED BY HOLDING, IN THE ALTERNATIVE, THAT A SECOND MOTION TO VACATE A DEFAULT JUDGMENT, FILED BEFORE THE ENTRY OF JUDGMENT ON THE FIRST, PRESENTING NEW GROUNDS AND BASED ON INFORMATION NOT REASONABLY AVAILABLE TO THE MOVANT AT THE TIME OF THE FIRST MOTION, WAS A PROSCRIBED MOTION FOR RECONSIDERATION.
 IX. THE TRIAL COURT'S FAILURE TO VACATE THE DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT CONSTITUTES A DENIAL OF DEFENDANT-APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES. NOV. 14 JUDG. ENTRY AT 1; DEC. 5 JUDG. ENTRY AT 2.
 III
We address appellant's third assignment of error first as we find it dispositive of this appeal.
We begin by noting that a court's lack of jurisdiction may be raised at anytime. Furthermore, we find the issue as to failure of service was raised by appellant via her affidavit filed September 2, 1997, and such was filed prior to the trial court's December 5, 1997 Judgment Entry from which appellant has taken this appeal. Accordingly, we summarily reject appellees' argument that appellant has waived this alleged error.
Service of process via certified mail was not perfected upon appellant under Civ.R. 4.3 PROCESS: OUT-OF-STATE-SERVICE, because it was returned showing failure of delivery. After notification by the clerk of the failure of delivery, service is completed upon an out-of-state resident only if the attorney or serving party files an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served. Civ.R. 4.3(B)(1).
In appellees' Motion for Default Judgment filed October 4, 1996, counsel for appellee states appellant ". . . has been served by regular mail after certified mail came back unclaimed." This was a misrepresentation for two reasons. Regular mail service is available to complete service only when certified mail service is returned as refused or unclaimed. See, Civ.R. 4.6. Such is not the case here. The certified mail in the case sub judice was returned with the notation "forwarding order expired." Furthermore, regular mail was also returned showing a failure of delivery and; therefore, service would not have been complete under Civ.R. 4.6, even if the original certified mail had come back refused or unclaimed.
After notification by the clerk of both the failure of certified and regular mail service, neither appellees nor their attorney filed an affidavit setting forth facts indicating the reasonable diligence used to ascertain the whereabouts of appellant prior to the trial court's filing its October 29, 1996 Judgment Entry granting default judgment against appellant. The only affidavit filed by the serving party or attorney after notification by the clerk of the failure of mail service was that of appellee Phyllis Ellas on October 17, 1997, which is devoid of evidence demonstrating any effort undertaken to ascertain the whereabouts of appellant.
In their Memorandum Contra to appellant's August 26, 1996 motion, appellees maintained, contrary to the record, that certified mail service upon appellant came back unclaimed. Appellees also asserted the only action required to perfect service was the issuance of ordinary mail service at the same address. In fact, all eight of the mail returns, pertaining to appellant and contained in the record prior to entry of default judgment, reflect return for lack of a forwarding order. As noted, supra, even if ordinary mail service had been authorized (which is was not), service was not completed upon appellant because the ordinary mail was returned showing failure of delivery
For the foregoing reasons, appellant's third assignment of error is sustained.
 I, II, IV, V, VI, VII, VIII IX
In light of our disposition of appellant's third assignment of error, we find these assignments of error to be moot.
The judgment of the trial court is reversed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed. Pursuant to App.R. 12(C), we hereby enter final judgment vacating the Judgment Entry of the Licking County Court of Common Pleas filed October 29, 1996, granting default judgment as it applies to Janice Steinberger only. Costs assessed to appellees.
[1] Of the named defendants, only Janice Steinberger is a party to this appeal.